Hugh McGinn, assignee of Bradley and wife, *v.* Daniel Worden and wife.

It is settled, that the purchaser of personal property which is in the possession of a third party, may, after a demand thereof and a refusal to deliver to him, maintain an action for the illegal detention.

He might have maintained trover in his own name against the third party in such case, before the enactment of the Code (See *Hall* v. *Robinson*, 2 Coms. 293.)

The vendor, in such case, is not the assignor of a thing in action, within the meaning of § 399 of the Code. (*a*)

---

(*a*) By the act of the legislature, passed April 13, 1857 (Session Laws of 1857, vol. i. p. 744), an addition, allowing parties, under some restrictions, to be witnesses in their own behalf, has been made to this section of the Code. With that exception, the language of the section referred to, in respect of the questions discussed in this case, remains unchanged. As it now stands, § 399 is as follows, the words introduced by the amendment above mentioned, being designated by Italics.

"*A party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness; but such examination shall not be had, nor shall any other person for whose immediate benefit the same is prosecuted or defended, be so examined, unless the adverse party, or person in interest, is living, nor when the opposite party shall be the assignee, administrator, executor or legal representative of a deceased person, nor unless ten days' notice of such intended examination of the party or person interested, specifying the points upon which such party or person is intended to be examined, shall be given in writing to the adverse party, except that, in special proceedings of a summary nature, such reasonable notice of such intended examination shall be given as shall be prescribed by the court or judge. And when notice of such intended examination shall be given in an action or proceeding in which the opposite party shall reside out of the jurisdiction of the court, such party may be examined by commission, issued and executed as now provided by law; and whenever a party or person in interest has been examined under the provisions of this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received.* When an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter in his own behalf, and shall be so received, *and to any matter that will discharge him from any liability that the testimony of the assignor tends to render him liable for.* But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him against an assignee, or an executor, or administrator, unless the other party to such contract or thing in action, whom the defendant or plaintiff represents, is living, and his testimony can be procured for such examination, nor unless at least ten days' notice of such intended

He is the vendor of personal property.

The examination of such vendor as a witness for the plaintiff, does not entitle the defendant to offer himself as a witness, under that section.

Whether, in an action against husband and wife, brought by the assignee of a contract or thing in action, if the plaintiff thinks proper to examine his assignor; the wife and the husband (defendants)—or either of them—are not competent witnesses, under § 399 of the Code?   *Quere.*

And whether, by voluntarily calling the assignor, the plaintiff does not waive all objections to their competency?   *Quere.*

THIS case came up from the Third District Court upon the plaintiff's appeal from a judgment rendered upon the verdict of a jury in favor of the defendant.   The facts, so far as disclosed in the papers, appear in the opinion.

*Judah H. Hartt*, for the plaintiff.

*Henry P. Townsend*, for the defendants.

BY THE COURT.   WOODRUFF, J.—This was an action against husband and wife for damages, for the alleged detention of personal property by the wife.   The former owners of the property having been examined as witnesses on the part of the plaintiff, the defendants' counsel placed one of the defendants, viz. the wife, upon the stand, and she was examined as a witness, notwithstanding the objection of the plaintiff's counsel, and a verdict was rendered for the defendants, and judgment accordingly.

Upon this appeal, the only question raised is whether, in such a case, the wife was a competent witness?   And the discussion by the counsel seems to assume that that question depends upon the true construction and effect of § 399 of the Code of Procedure.

By that section it is provided that, "when the assignor of a thing in action or contract is examined as a witness, on behalf of any person deriving title through or from him, the adverse

examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party."

party may offer himself as a witness to the same matter, in his own behalf, and shall be so received."

Before considering the effect of that section, it may be well to inquire, whether it has any application to the case before us ? And,

First, It is quite obvious that the plaintiff here did not sue as the assignee of any contract; his complaint was for a wrongful detention of personal property, and not for a breach of any contract, alleged to have been made with another, and assigned to him.

Second, Was any assignor of a thing in action examined as a witness? For, be it observed, that it is not when the vendor or assignor of personal property is examined that this provision of the Code applies.

Whether the plaintiff's witnesses in this case were in fact or in law assignors of a thing in action, to which the plaintiff claimed title, depends upon the assignment produced in evidence, and the nature of the plaintiff's complaint. I am free to say that the return of the justice is not very satisfactory in relation to the latter, and the assignment is not returned to us at all.

But upon the return, as it appears, my conclusion is, that the plaintiff's title was not founded in any assignment of a thing in action; and that, upon the facts shown by the return, he sued for his own property, and under circumstances which would have warranted him in bringing the action in his own name for the illegal detention of his own property had the Code of Procedure never been enacted

I need not suggest that the assignment of a claim for damages sustained by the alleged assignor by the detention of his property, is very different from a transfer of the title to property, belonging to another, which vests in the transferee a right to demand and receive the property itself, and on a refusal to sue and recover for a violation, not of the rights of the transferrer, but of the plaintiff's own rights.

The first case is an assignment of a thing in action; a mere claim lying in action, and in action only. The second is a sale

of property under which the purchaser acquired title to the thing itself.

The complaint here is stated in the return to have been in writing, and yet that also is withheld. So that, if we fall into any misapprehension in respect to what actually transpired before the court below, the parties will have only themselves to blame for bringing the appeal to a hearing upon so imperfect a return.

The synopsis of the complaint given is this: "the plaintiff put in a written complaint for detaining personal property." Whose personal property? Presumptively his own, the plaintiff's. Here is nothing said of any thing in action, or claim for damages assigned to the plaintiff. Nor does any such assignment appear to have been proved.

The return states that, "the plaintiff's attorney proved and put in evidence the assignment to the plaintiff of the property, for detaining which this action was brought." Proof of the assignment was necessary, in order to show title in the plaintiff, and to lay the foundation of his proof of a subsequent demand of the property; and, therefore, the plaintiff also proved, by one of the transferrers, that the plaintiff sent him to demand the property in question (to wit, ten gold eagles), and that the defendants both refused to return them. He told the defendants who had sent him, that the property was assigned to the plaintiff, and the language of their refusal plainly set the plaintiff at defiance.

Now, in all this, there was no evidence of any assignment of a thing in action. It was a transfer of property to the plaintiff, a demand thereof by him from the defendants in whose custody it was alleged to be, and a refusal by them to deliver it. If these facts were established, and it was upon this state of facts alone that the plaintiff—so far as we can learn from the return—relied, his action was in his own right and founded in his own title, and not in any transfer of a thing in action.

Upon such a state of facts he could have maintained trover before the enactment of the Code of Procedure. And so it

McGinn v. Worden.

was expressly held in *Hall* v. *Robinson*, 2 Coms. 293, in which Justice Hoyt says that, though it be true that the assignor could not transfer to the plaintiff a mere right of action, so as to enable him to maintain trover in his own name upon evidence of a conversion before the transfer, yet he was not bound to treat the previous detention of the property as a conversion, he had a perfect right to sell the property or reclaim it. He " sold the watch itself, and in a form to pass a good title thereto," to the plaintiff, after which the plaintiff might take the property from the defendant. He might demand it (as he did in this case), and upon a refusal bring trover in his own name.

This decision of the court of last resort seems to me conclusive upon this question; and, therefore, § 399 of the Code had no application to the case. It is true that the justice has described the plaintiff as assignee of Bradley, and the case seems to have been considered with reference to the construction of that section solely. But an erroneous decision cannot be sustained, when objected to and an exception is taken, even if the court give a reason therefor, which, in a case to which it was applicable, we deemed correct; nor because the argument in support of the objection does not give the true reasons for sustaining it if the objection could not have been obviated had the true reasons been suggested.

I am much inclined to hold, that under the section referred to, the ruling below would have been correct, had the case been one wherein the plaintiff claimed as assignee of a contract or thing in action merely. I am not inclined to call in question the cases of *Pillow* v. *Bushnell*, 2 C. R. 19 ; *Abrogast* v. *Abrogast*, 8 Pr. R. 297 ; *Erwin* v. *Smaller*, 2 Sand. 340, and other cases arising under the 6th chapter of title 12th, which has been held designed to remove the disqualification which arose from being a party to the record and no other. Nor is it necessary to dissent from the learned and eloquent opinion of Justice Duer, in *Hasbrouck* v. *Vandervoort*, 4 Sand. 596, that a husband, when not a party, cannot be permitted to testify in support of a claim by the trustee of his wife's separate estate,

because she is beneficially interested therein; although it does appear to me that it is pushing the ground of public policy to a very great length, after the disqualification of interest is wholly removed, to say that policy forbids such evidence.

None of those cases arose under the section now referred to. In that section the legislature have said in terms, that when the plaintiff voluntarily examines his assignor as a witness in his own behalf, the adverse party may offer himself as a witness, and shall be received. They have not said, he shall be received, provided he is in other respects in a situation to give evidence in the cause; nor have they made any other qualification. In terms, they make the voluntary act of the plaintiff a waiver, it seems to me, of every objection to the competency of the adverse party. His credibility will be still open to attack; but the plaintiff, by his own act, creates the competency to testify, upon which the adverse party may insist. And this is no hardship. Shall it be said that public policy forbids that a party should waive the objection to the competency of the wife to testify in her own or her husband's favor, when both husband and wife desire it? I think not. And if not, it appears to me that the most simple is the most just construction of this section of the Code, and that it may and should be construed as it reads, viz. that when a plaintiff elects to examine his assignor, he waives all objection to the competency of his adversary to testify for himself.

It would not follow from this that either husband or wife could be permitted to testify against the will of the other. That objection would not come from the plaintiff, and would not necessarily be affected by this statute. The residue of the section, which prohibits the examination of such an assignor against an executor or assignee, unless the testimony of the other party to the transaction can be procured, shows that the legislature intended that the assignor should testify in no case in which the other party could not have the same privilege. And, therefore, the policy which prompted the passage of the act, plainly required that, if the construction contended for be correct, they should have said that no assignor should be ex-

amined when the adverse party was by reason of coverture incapable of testifying.

I am not satisfied that the legislature intended that the plaintiff should defeat this statute by joining the defendant's wife in the action.

If the objection here insisted upon prevails, it is obvious that the objection applies to both parties. The husband can no more testify than the wife, and the privilege conferred by the statute will always fail when a plaintiff chooses to join both, and can find witnesses enough to make out a *primâ facie* case.

We do not, however, intend to express a decided opinion upon that point. But upon the ground first stated, I think the judgment must be reversed.

Judgment reversed.